Lipsher *v.* Resnikoff.

---

MAX LIPSHER *vs.* FRANK J. RESNIKOFF.

Third Judicial District, Bridgeport, April Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

The plaintiff purchased a two-family house comprising an apartment of six rooms on each of the two stories. He inspected the second story but was unable to see the apartment on the first floor. The defendant informed him, however, that it was "exactly like" the second-floor apartment, and induced thereby he purchased the house. This representation was false and was made for the purpose of securing the sale. The first-floor apartment was inferior in several particulars, and the house was worth considerably less

than it would have been had the representation been true. *Held:*—

1. That upon these facts, found by the trial court, the representation was not a matter of opinion but the assertion of a material and definite fact, and entitled the plaintiff to a recovery for false representations.

2. That "exactly alike" did not mean absolutely identical, but substantially so in design, finish and fixtures.

Argued April 11th—decided May 3d, 1923.

ACTION to recover damages for an alleged fraudulent representation of the defendant concerning real estate sold by him to the plaintiff, brought to and tried by the Court of Common Pleas in New Haven County, *Simpson, J.;* facts found and judgment rendered for the plaintiff for $634, and appeal by the defendant. *No error.*

*Joseph I. Sachs,* with whom, on the brief, was *Louis Sachs,* for the appellant (defendant).

*Harry L. Brooks,* with whom, on the brief, was *Charles L. Brooks,* for the appellee (plaintiff).

PER CURIAM. The plaintiff, his wife, and a real-estate broker whom defendant had employed to sell his two-family house, consisting of an apartment of six rooms on each of the two stories, visited this house, looked over the apartment on the second floor, and shortly thereafter the plaintiff purchased the house. At the time of this visit, as the court has found, the plaintiff did not have an opportunity to see the apartment on the first floor, but the defendant's wife at this time stated that the first-floor apartment was exactly like the second-floor apartment which the plaintiff saw; that this representation was false, there being material differences between the two apartments; that the defendant's wife made this

representation for the purpose of inducing the plaintiff to purchase the house; and that the plaintiff believed this representation to be true and in reliance upon its truth purchased the house, which was worth considerably less than it would have been worth had the apartment upon the first floor accorded with this representation.

The defendant's claim that the finding does not contain the elements necessary in an action for fraudulent representation, is at variance with the facts found by the court. Both complaint and finding set forth with sufficient accuracy and fullness the elements of such a cause of action. *Bradley* v. *Oviatt,* 86 Conn. 63, 84 Atl. 321.

The assigned errors that this representation is one of opinion and not of fact, as well as that the finding shows that the plaintiff did not in fact rely upon this representation as an inducing cause of his purchase, are also refuted by the terms of the finding. The final point, that this representation is vague and indefinite, is equally unsound. The defendant himself admits in his assignment of errors that he made representations "that the living apartment on the first floor was exactly like the living apartment on the second floor." Such a representation is specific and definite and not open to the criticism of vagueness and indefiniteness. "Exactly alike," as applied to these apartments, does not mean absolutely identical, but substantially so in size, design, finish and fixtures. The court has found in detail the differences between the two apartments, and they cannot be regarded as immaterial and inconsequential.

There is no error.